# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JOHN R. ALFORD,<br><br>    Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC. and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 4:23-cv-00813 |

# COMPLAINT

**NOW COMES** JOHN R. ALFORD ("Plaintiff"), by and through undersigned counsel, complaining as to the conduct of J.C. PENNEY CORPORATION, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, the Missouri Merchandising Practices Act ("MMPA"), pursuant to § 407.010 *et seq.*, Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is headquartered and domiciled in the Eastern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Houstonia, Missouri.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. J.C. Penney Corporation, Inc. ("Defendant") is a department store operating across the United States.

8. Defendant maintains its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

## FACTS SUPPORTING CAUSE OF ACTION

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number (660) XXX-2277.

12. At all times relevant, Plaintiff's number ending in 2277 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. Plaintiff opened a credit card with Defendant.

15. Plaintiff purportedly fell behind on his payments to Defendant and incurred a past due balance ("subject debt").

16. On or about December 2021, Plaintiff started receiving collection calls from Defendant attempting to collect the subject debt.

17. Initially, Plaintiff spoke with Defendant and requested that they not call him until after 5:00pm.

18. Defendant advised Plaintiff that they are unable to control the time of the calls as they are automatic.

19. Plaintiff further explained that he would try and make payments on the subject debt as well.

20. Unfortunately, Defendant continued to place outgoing calls to Plaintiff.

21. In February 2022, Plaintiff was able to make a payment on the subject debt.

22. Despite making a payment on the subject debt, the collection calls continued.

23. In early March 2022, Plaintiff answered another call from Defendant. During this call, Plaintiff advised Defendant that if they continued to call every day, he was going to get into trouble at work and requested Defendant to stop.

24. Defendant's collections efforts were relentless and unreasonable.

25. Plaintiff again answered a call on March 31, 2022 and reiterated his request for Defendant to stop calling his cellular phone.

26. Furthermore, Plaintiff explained that he was going to seek assistance from a lawyer in order to stop the calls as his employment was in danger.

27. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls, including calls from phone numbers (800) 527-3369 and (770) 238-1942.

28. From December 2021 through the present, Defendant placed no less than 75 collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

29. In some of the calls that Plaintiff did not answer, Defendant left a pre-recorded message in Plaintiff's voicemail demanding Plaintiff to call Defendant back.

30. In an effort to escape Defendant's harassing collection calls, Plaintiff would ignore the numbers that Defendant called from, only for Defendant to call from new numbers.

31. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

32. Notwithstanding Plaintiff's demands that the calls cease, Defendant continued to harass Plaintiff with knowledge that he no longer wished for the calls to continue. .

33. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

34. Upon information and belief, John Does 1-10 falsely held themselves out as "JC Penney" in calls they placed on behalf of Defendant.

## DAMAGES

35. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

37. Due to Defendant's refusal to honor Plaintiff's repeated requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

39. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

40. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

41. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

42. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

43. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 75 non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

44. As pled above, Plaintiff revoked consent to be called on his cellular phone on during an answered call.

45. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

46. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

48. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

49. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

50. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff JOHN R. ALFORD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. an award of $500.00 in damages to Plaintiff

c. an award of treble damages up to $1,500.00 to Plaintiff; and

d. an award of such other relief as this Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

51. Plaintiff repeats and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Defendant is a person as defined in the MMPA, Mo. Rev. Stat. § 407-010(5).

53. The MMPA defines "Merchandise" to include "any objects, wares, goods, commodities, intangibles, real estate or services." § 407-010(4).

54. The MMPA further defines "sale" as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit." § 407-010(6).

55. Defendant's actions towards Plaintiff belong to "trade" or "commerce," as defined in Mo. Rev. Stat. Ann. § 407-010(7).

56. The extension of credit to a consumer constitutes a "sale" of "merchandise" under the MMPA. See *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 209 (2013); see also *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 412 (Mo. banc 2014).

57. The MMPA declares that:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce is . . . declared to be an unlawful practice. . . . Any act, use or employment declared unlawful by this subsection violations this subsection whether committed before, during or after the sale, advertisement or solicitation. Mo. Rev. Stat. § 407.020.

58. The Missouri Supreme Court has held that a loan originator's debt collection activity is covered under the MMPA because debt collection occurs in connection with the original loan.

59. Defendant's debt collection activity is governed by the MMPA.

60. Defendant violated the MMPA by engaging in unfair, deceptive, and harassing practices towards Plaintiff. Defendant persistently called Plaintiff's cellular phone despite his express demands for it to stop. Defendant called Plaintiff at such a frequency that carries with it the natural consequence of harassing Plaintiff.

61. The above conduct by Defendant was meant to pressure and coerce Plaintiff so that he would make payments by any means regardless of his affordability.

62. Plaintiff made clear that he did not welcome the calls and demanded Defendant to stop. Even more, Plaintiff notified Defendant that its calls were disrupting his work productivity and is landing him in trouble with his employer. Nevertheless, Defendant continued its onslaught of incessant calls to Plaintiff's cellular phone. As such, Defendant called Plaintiff while knowing its calls were unwelcome and disturbing to Plaintiff.

63. The harassing calls were unfair and deceptive in that Defendant used them to demonstrate to Plaintiff that he could not do anything to stop Defendant from what it wanted to do.

64. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JOHN R. ALFORD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages and punitive damages pursuant to Mo. Rev. Stat. §§ 407.025(1)(1) & (2)(1);

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to Mo. Rev. Stat. § 407.025(2)(2);

    d.      Enjoining Defendant from further calling Plaintiff seeking payment; and

    e.      Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

65.    Plaintiff restates and realleges paragraphs 1 through 64 as though fully set forth herein.

66.    Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

67.    Defendant's persistent and unwanted autodialed phone calls to his cellular phone eliminated Plaintiff's right to be left alone.

68.    Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

69.    All of the calls made to Plaintiff's cellular phone was made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

70.    The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

71.    Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

72.    These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with his cellular phone.

73.    By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

74. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

75. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

76. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff JOHN R. ALFORD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs; and

e. Enjoining Defendants from contacting Plaintiff.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff restates and realleges paragraphs 1 through 76 as though fully set forth herein.

78. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

79. Defendant knew that its relentless phone calls and threats would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

80. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

81. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

82. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

83. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home, school or at work, in an attempt to coerce Plaintiff into making a payment.

84. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

85. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

86. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

87. As stated above, Plaintiff has suffered damages from Defendant's extreme and outrageous conduct.

**WHEREFORE**, Plaintiff JOHN R. ALFORD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Enter judgment in his favor and against Defendant;

    b.    Award Plaintiff his actual damages in an amount to be determined at trial;

    c.    Award Plaintiff punitive damages in an amount to be determined at trail;

    d.    Award any other relief this Honorable Court deems equitable and just.

Dated: September 12, 2023

Respectfully Submitted,

**JOHN R. ALFORD**

By: */s/ Marwan R. Daher*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com